Good morning, Your Honors. I'm Harold Gewerter. It's a pleasure to be here, and I represent myself in this matter. I'm also a licensed attorney in the State of Nevada. I do have co-counsel. He is not here today. It is my appeal from the district court, from the District of Nevada, and there's two issues before this Court. The first issue is which district court has jurisdiction to hear the underlying dispute concerning the subpoena served upon my law firm, trust account, bank records. But that first issue actually became a second issue in the course of this case, because the initial case started because of an objection under Rule 45 that I filed, because the Securities and Exchange Commission issued a subpoena on my bank records in the Northern District of California, California Northern District here in San Francisco. I do not do business in the State of California. Kennedy, why can't both district courts have jurisdiction? Having jurisdiction is, because that's what the courts say. One, I don't do business in the State of California. It is highly inconvenient, it is improper, and the magistrate judge made an erroneous conclusion of law, a clearly erroneous conclusion, when he stated that he did not have jurisdiction to hear this matter. Furthermore, the underlying ---- Kennedy, isn't it a possible position that both the district court in Nevada and the district court in California have jurisdiction to decide whether the subpoena is proper? The answer in a vacuum is yes, but look at the consequences of that. The consequences, it would be a bad precedent. Look at my client ---- the inconvenience to my clients, what's going to happen to my non-party clients' records. You're okay as long as we make a finding that the district court in Nevada did have jurisdiction. That's where this case should be, not the Platinum Airlines cases. Well, Platinum, Platinum is a district court case. Have you been able to come up with any circuit court cases in the Ninth Circuit preferably, and if not, in other circuits that say what Platinum said? No, Your Honor. I have looked at this at great length. The law ---- which is why I have appealed this. The law is rather vague, but we're up here on an issue, a clear error of law made by the magistrate judge in Las Vegas. He thought that the discovery rule was not applicable because this was a post-trial collection method. Right. Well, that's clearly erroneous, because post-trial, pretrial ---- it never was a trial. It was a default judgment against Mr. Edwards. So he consented, I assume, to a default. But the ---- it's on page 12 of the excerpts of record when he says, It is a post-trial effort to collect a judgment. Accordingly, this Court has no authority to continue to consider this motion. That is a clear error of a statement of law. Because your position is that discovery applies under Rule 69, whether it's post-trial or pretrial. That is correct. And furthermore, the underlying judge in this case out of Las Vegas, and it's something I recently came across, and it's in their answering brief, and it's in the actual order that was issued in the disgorgement default, the summary judgment order motion says, and this is from the Federal judge in, in, in, in, actually, in Nevada, It is further ordered that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this final judgment. Why, then, would the appellee run off to San Francisco in an inconvenient form to myself, my clients, which will open the door for multitude of litigation? Well, hold on a second. The SEC couldn't have gotten a subpoena issued out of the district court in Nevada to Wells Fargo in San Francisco, could it? Isn't there a 100-mile limitation? Oh, but Bank of the West is in Las Vegas. But wasn't Wells Fargo in this case in San Francisco? Pardon me. No, this is Bank of the West. So they got a subpoena, Bank of the West in San Francisco rather than San Francisco. For an account in Las Vegas. I see. But aren't the records kept in San Francisco? I don't know where the records are kept, but I can tell you from the record here that the legal department and the compliance department is in Omaha, Nebraska. That's before this Court. I see. So if anything, they, if not going to Las Vegas, they could have, they should have gone to the legal department, the, the subpoena compliance department in Omaha, Nebraska. You'll have to forgive me. I'm thinking about Platinum Charter, and that was Wells Fargo Bank. That is correct. And Platinum Charter does not say what the magistrate judge says in this case. In fact, Platinum Charter talks about uniformity of decisions. And if you're going to have uniformity, when you're talking about judgments against a multitude of people here, in this case, most of whom are default. Well, I think one case is still open, but I'm not sure. I'm not involved in that case. And uniformity should be in one court. It should not be sporadic around the country. And look at the consequences of what I asked this court to consider for my clients. Mr. Goldberg, let me ask you something. Your position is that the rules regarding discovery apply pre-trial and post-trial. And correct? Under Rule 69? Yes, that is correct. And if there is an abuse of discovery or a threatened abuse of discovery, counsel can move for a protective order under Rule 26C, done the whole time, right? That is correct, Your Honor. You didn't do that in this case in the District of Nevada. You what you did was to file an objection to a subpoena not issued by the District of Nevada, but issued by the District Court in California. Shouldn't you have moved for a protective order in the District of Nevada? One, I had 24 hours to do this. Understand I was never notified of the subpoena until the day before its compliance was to be fulfilled by the bank. I picked up the phone. I could not reach anyone from the Securities and Exchange Commission. I called up the bank, which I tracked down in Omaha, Nebraska, the legal departments. And they wanted an objection filed. Had I filed, because under Rule 45 it becomes automatic. I did it within 14 days of me receiving it. Had I moved for a protective order under Rule 26, there would be no automatic protection allowed. I was boxed in a corner for a 24-hour time period. Oh, you did a temporary restraining order in Rule 26C. I had 24 hours, Judge. You are correct. I could have filed something that's party. My next question is this. Is there any difference between the procedures and the issues which would be presented by a Rule 45C objection and a motion under 26C? No. It's generally the same law that gets applied, and it's intertwined. I do accept that, except using a Rule 26, you deal with parties. Rule 45 is protection of a non-party. And the statute specifically under Rule 45 deals with non-parties. I'm a non-party. And that's what I think is really important in this case that we – that I focused on and I was asked the Court to focus on. It is a different right that I have than if I was a party in this underlying case. Let me see if I understand. Your – on the merits, what's wrong with this? The subpoena? With the subpoena. One, it's overly broad, it's burdensome, and it deals with confidential and ostensibly attorney-client issues between myself and other clients, not related to Mr. Edwards. What's your authority for the contention that these records are attorney-client privileged? Isn't it pretty clear under the law that they are not? I think Mr. Edwards' records, I agree 100 percent. But as to non-party, non-issues of – From a trust account, checking account records, right? That is correct. And your claim is that they are privileged, attorney-client privileged? As it relates to everyone except Mr. Edwards. I've never made that assertion as to Mr. Edwards. In fact, I have volunteered and have turned over records related to Mr. Edwards. But I have innocent clients out there, lots of them, public parties, private parties, and those are people that I need to protect under the rules of ethics and law. And they have a privacy right, my other clients. Do you have any case citations supporting that position, that bank account records are subject to the attorney-client privilege? Yes. Well, there's California law, Hoosier v. Ray, which I cite. 84 Calab Fourth, 977, a 2000 case. There's also a case that's not in my brief. It's in the opposition to the motion to dismiss, which is Bank of Nevada v. Superior Court. Is it necessary that the records be privileged by attorney-client privilege for you to protect the confidentiality of other clients? No. There's a privacy right. I have an obligation to these other clients, and no one, whether it be this appellee or anyone else, has the right to get a client list wholesale because that attorney happens to represent a totally unrelated another party. And that's, in essence, what's going on here. They have a complete set of records related to a lot of people that I have represented over this time frame, which they will get, which is beyond a fishing expedition. Well, let me ask, what's now going on in the District of Nevada? I'm sorry, Your Honor. What's now going on in the District of Nevada? I am not going to go into litigation. You don't know? No, I do know. If I'm checking the docket sheet, there is one party that has not settled with the government. Some have defaulted. And there is a companion criminal case, I am told, for me in the newspapers related to some of these same parties on the same nucleus of thefts, which is set for trial but postponed a few times. I'm sorry. Do you – what do you understand is the effect of the district court's order? Is it – what – well, let me back up. What's the status of the subpoena right now? It has not been complied with pending the outcome of this Court's decision. Okay. Is there any reason, other than you don't want to do it, but that – it seemed to me what the district court was saying was there's not much happening here and that we didn't issue this subpoena, go over to California. You don't want to do that? Well, they don't want to do that. And here's what's going to happen. The next logical step is they'll see a bunch of records and they're not going to know what these checks are. Where are they going to take a deposition? In California, in Nevada. Under Rule 45, I would not be subject to the California personal appearance provision. I'm more than 100 miles away. So they're back in Nevada either way. So let's have consistency. So the relief that you want is for us to remand this to the district court in Nevada and tell it – and ask it to consider your motion or your petition on the merits? Yes. Yes. That's exactly the relief I want. I think the next step I'd like, but that may be premature. All I'm asking for, the law is abundantly clear in that area. Your option would be right now, your options are to either comply or go over to California and challenge the subpoena issue in court. Is that basically it? It's an option. It's also an expensive piece of – I understand. I'm just trying to – I know. I have to hire another lawyer. I've already spent more than what I'm – I got one payment of $25,000, and here I am in the third court. Let me ask you, and I don't know whether you – you don't have to answer this, but have you offered to give – to settle with the government by saying, go ahead and get Edwards' records and just give me – and don't get the rest of the records? Absolutely. In fact, it's in my brief twice. It is in there. And that – what response have you got? They thought about it. They said, let me get back to you. What I got was an opposition to my brief. Say that again slowly. I offered the – offered it twice to both attorneys in this courtroom today, first to the trial attorney. She said, let me think about it. And instead of coming back to me, I got an opposition to my objection. This Court comes up – the case comes up before the – Your Honors here. Did the same argument again, and it's in my brief here. I offered to turn over all records concerning to Mr. Edwards. They apparently don't want that, and that offer still stands. I've already turned over some records, really, to Mr. Edwards. They can have Mr. Edwards' records. I am not arguing about Mr. – Mr. Edwards' records. It's everyone else I'm arguing about on this fishing expedition in a foreign jurisdiction. When that's just not what the law really requires. And with that, I'm here to answer any further questions. Thank you. With regard to what's still going on in Nevada, is this the only case you're aware of where subpoenas have been issued to lawyers for trust account records? It's the only one I'm aware of. I have – I'm not part of the loop, so to speak. I do not know of any other cases. But how easy it would be if they just issued a subpoena in Las Vegas, we wouldn't be here. Oh, no, I understand. I'm just trying to see if this is some general widespread issue requiring some uniform treatment or if this is really just kind of a unique – I'm sorry. I'm not aware of that, Judge. So it's just a unique thing to you? I don't think it's unique at all, because Mr. Edwards, according to the government, ran off with $20-something million. He's incarcerated in Europe. Last I heard – I haven't heard from him since I can't even tell you when. I have very limited involvement with Mr. Edwards. He came in to see me on unrelated stuff to the underlying litigation over here. He represented one case. You know, I'm upside down in this case, believe me. Okay. I think we'd like to hear from you. Thank you. I appreciate your time, Judges. Thank you. We'll give you a minute on rebuttal. Thank you. Good morning. May it please the Court. I'm Karen Schimpf on behalf of the SEC. There is a threshold issue that has not been mentioned thus far, which is that, as raised in our brief, the SEC believes the Perlman exception does not apply here, so the Court does not have jurisdiction over this interlocutory appeal. Let me ask you this, Ms. Schimpf. You want money from Edwards. And several others. Well, and several others. But is there any indication that Mr. Gewertner represented or had any money in his trust account from several others? Your Honor, what we have traced thus far that's in the record is that there was a $25,000 payment that went into that account. And again, we have not subpoenaed a single record from Mr. Gewertner or any of his attorney records. We have subpoenaed bank records only. What we have also more recently What about just taking the bank records as to Mr. Edwards and agreeing that the subpoena can be curtailed to affect nothing but the bank records of your judgment debtor, Edwards? As we note in our brief, it's no answer to say, well, let's just do with Mr. Edwards. We know that he operated through numerous shell corporations. We know he had at least one alias, Ian McIntyre, that the Court has referenced. The point is we don't know what we're going to find when we get in and begin tracing these records. It is not a phishing expedition. It is an attempt to follow the money. But you don't know what you're going to find. Have you shown any evidence at all that you will find other defendants liable for this judgment in the records of Mr. Gewertner? There is no way to know that until we get these non-privileged bank records. Take his deposition and ask him. Did you have any of these people as your clients? Did they send you any money? The point of post-trial collection efforts is the SEC comes in to follow the money trail. We have followed the money trail into this one bank account. So you don't want to take his deposition and ask him, how about A, B, C, and D? Were they your clients? Whether the trial counsel ultimately will want to do that or not, it is standard procedure to follow the money into the non-privileged bank records held by Bank of the West. So the SEC is going to be able to find out all this information of who Mr. Gewertner's clients were, besides Mr. Edwards. This will now be in the data bank of the SEC, the U.S. Government, and they can do with it what they please, right? There is no privilege in bank records. The Supreme Court has said since Did I ask anything about privilege? How about confidentiality from the government? The Supreme Court said in U.S. v. Miller in 1976 that there is no privacy interest in bank records. Congress enacted a limited exception to that to grant privacy interest to individuals and partnerships of less than five people. That's in the Right to Financial Privacy Act, which is in 12 U.S.C. 3401. And if you get these records, you And it expressly does not go to corporations or to those interested in the corporate records. But how do you know that when you get all the records regarding this man's clients, all his trust accounts, you won't be violating that very same act? Because the act is very clear. It only applies where the accounts are held in the name of individuals or partnerships of five or fewer people. It does not apply in this situation. Are you sure that he has no accounts for individuals? He had one for Edwards. We have not subpoenaed individual account records. We've subpoenaed one account record held in the name of Gerwerter Limited, which is a corporation. It has no Right to Financial Privacy Act interest. Even if it did, the Congress has expressly precluded interlocutory appeals for entities or for individuals who have RIPPA rights. So he would not be able to bring this appeal even at this time, even if he did have RIPPA rights, which he does not. So as I mentioned, there is a time. Because it's interlocutory. Well, I know that, but this is the only thing that affects him. What RIPPA provides, if he had those rights, is that he would be able to take it after a final judgment, or if there was never an action against him, I think it's 30 days after he's notified of that. Isn't this the mean of the common sense of all of this? Because this is, to me, this is unusual. The underlying proceeding was in Nevada, was it not? It is. But the money that we traced went to Bank of the West, which is headquarters. I understand, but this is essentially a collection proceeding. It is. And so we had to go where the court would have jurisdiction. It went to where the bank account was. Right. Which is in, I mean, where the bank was. Where the bank is, because that's who's the bank that's subject to jurisdiction. And what we get is a kind of a catch-22, because the judge says, the district judge who, in the district where the underlying litigation and the collection proceedings should be taking place, says, no, the subpoena was issued over here, so therefore, I don't want anything to do with this. I, this, ordinarily, the issuing court deals with it. Correct. So the issuing court should deal with this. And yet, the issuing court has nothing to do with the underlying litigation. But that is not an uncommon situation. In fact, it's been noted that this is something that comes up. What happens is where you're, because again, you have to go where you can get the jurisdiction. So we went to the Northern District of California, which is where Bank of the West is headquartered. If Mr. Gewerter had objections, he could have filed them there. He asked the District of Nevada to use this exception to control the central issues of the case. And the District of Nevada said, I don't need to do that here. And that was not an abuse of discretion. And that's the standard of review. Well, that's what I don't understand, because you're trying to coordinate, in a sense you are trying to coordinate the operation of the case, because the defendant, the operation, the trial, everything revolved around Nevada operations. But after we've gotten our judgment, we need to collect. And the way we collect is not by bringing things in the District of Nevada. We could not have gotten jurisdiction over Bank of the West, a San Francisco headquartered entity in Nevada. I understand that, but the question is, why shouldn't the district court here in Nevada exercise jurisdiction over Mr. Gewerter's objections to the subpoena, since they're his records? And it's possible that it could have, but it was not an abuse of discretion to do so. And so the question is, why wasn't it an abuse of discretion? And then we go back to the, because the court that issued the subpoena could deal with it. Exactly. So it was not an abuse of discretion to say, I am not going to reach out in a case where it is not necessary to this underlying proceeding, and that's a factual determination reviewed for clear error. I don't see a need to coordinate it here. You can go there. That was not an abuse of discretion to refuse to exercise jurisdiction where it was not the issuing court. Just a moment. It's an abuse of discretion if the trial court chooses and applies the wrong law. True? If there's a clear error of law, then that's an abuse of discretion. That's Hinkson v. USA, and that's the rule of Ninth Circuit. Right? Here's what the magistrate said, and it was adopted by the district court judge. This matter does not present general discovery issues necessitating uniform treatment. Correct. Now, this was the judgment court. Correct. It is a post-trial effort to collect a judgment. Accordingly, this Court has no authority to consider this motion. Not we have discretion, but we decide to exercise the discretion and not take it, but we have no authority because it's a post-trial effort to collect a judgment. Now, you would agree with me, I think, that simply because it's a discovery motion post-trial, it doesn't mean discovery can't take place. Correct? Discovery can take place. What I think the magistrate judge was referring to is not that the fact that it was a post-trial effort to collect a judgment. He's referring to the platinum error, if that's good law, which, again, it's a district court decision. There are reasons to question. But even if we take that, what he was saying is platinum error says if there is a need to coordinate general issues, and there was no need to coordinate general issues in the court's fact-finding opinion. Back in law school, we'd say you're fighting the facts. The fact is not that the court said there's no need for uniform issue treatment because we find in our discretion that it's not need. He says we have no authority to consider the motion, no authority. That sounds to me like he's saying because it's a post-trial effort to collect a judgment, we have no authority. That would be an incorrect statement of law. It would be clear error. Your Honor, it's not. What he says is this matter does not present general discovery issues. That's the platinum error entry. And he says this doesn't present that. Accordingly, it is we don't have the authority. No, no, no. If he had said that, if he said accordingly, we choose not to exercise our authority, you'd be perfectly bulletproof. But that's not what he said. He said it is a post-trial effort to collect a judgment. Accordingly, the court has no authority to consider the motion. It sounds to me that what he's saying is since it's a post-trial method to collect the post-trial effort to collect a judgment, we have no authority to consider whether it's a discovery issue necessitating uniform treatment. I don't think that's what the magistrate judge or the district court judge were saying. I think they were saying we are not the issue in court, this is not, this is a unique subpoena that does not require. So we are not going to. Kennedy, if we're having enough of a discussion to interrupt each other, as we are, what about sending it back to the court and saying, determine this issue? Again, first, I think there is, if the court were going to do that, it would first have to satisfy itself that it has jurisdiction. It would then need to confront the Pearlman issue. Because we do not think there was an abuse of discretion or clear error, the court could affirm the district court without deciding the Pearlman issue. But if it's going to upset the status quo, it would first have to address its jurisdiction. And we do not think that there is Pearlman jurisdiction because, as this Court has said for over 40 years, and as is consistent with the Supreme Court privacy interest case, when a client writes a check, it sets it afloat on a sea of strangers. There is no confidential communication. There is no possible protected interest. Kagan. Kagan. So her argument now depends on the fact that this is interlocutory. If you are concerned, if the court were, if the court wanted to overturn or remand, it would first need to assert jurisdiction. If the court were going to affirm, I don't think it would happen. But what is troubling me is that as to this particular individual, Ms. de Gorda, this is final. And the Pearlman exception in general stands for that reason. But one element of Pearlman jurisdiction that, as we point out, runs consistently throughout this Court, as well as every other circuit's jurisprudence on Pearlman, is that there needs to be at least a colorable argument of privilege in the underlying documents. Otherwise, there is simply the rationale that motivates interlocutory review is a significant interest that might otherwise go unreviewed. The Supreme Court has been consistently narrowing the routes to interlocutory review in recent years. Well, but we're back to the same problem, because the district court said, I'm not going to look at this. I have no authority. I'm not going to look to see if there's anything here. And now you say, well, there's no showing that there's anything here that's privileged, and so therefore, there's nothing that this Court can do. And that just doesn't seem right. I'm sorry, Your Honor. Because as Judge Anello was pointing out earlier, there is absolutely nothing. There have been cases where there has been a significant issue, like the psychotherapist privilege, where it wasn't clear, but there was at least a significant interest potentially at stake. The law is absolutely clear and consistent since, for over 40 years in this Court, since 1976 in the Supreme Court. Bank records have no privacy interest. They are not attorney-client protected. So to expand the Perlman jurisdiction in a situation like this, where there is no colorable claim of privilege, would go against the law. Records are you subpoenaing? The entity is a corporation. I believe it's called Harold Gorder Limited. He concedes that it's a Nevada corporation. It's all the documents in his trust account. I believe it is a trust account. Well, he's a fiduciary. The real owners, the equitable owners of each account are his clients, and you're discovering who his clients are, how much money they have with Gorder. And these people aren't even defendants. They're not even related to this guy. And the SEC is glomming onto all this information as a fishing exposition. Let's go see if some of these people are somehow involved here. The law is clear that bank records are not subject to attorney-client privilege. They are not eligible for Right to Financial Privacy Act protection. So whatever the concerns, the law is clear that we are able to do this. And have a case that deals with a trust account of an attorney that says that these are simply bank records and that they – that there's – there could be no claim of privilege? Give me one moment. Don't you have to have a good-faith belief in the issuance of a subpoena that you're relevant to some legitimate investigation, at least? And we have that. We know there was at least $25,000 that went in. But what about everybody else that's Gorder's clients? Are you saying that you have some evidence, some basis to believe that Gorder's other clients are violating some SEC? To answer the court's question a moment ago, this is – and I'm reading from the final briefing if necessary – but third circuit case, trustee did not maintain accounts in the name of beneficiaries, and thus financial records were not protected from disclosure as records of trustee's customers. That's Chow v. Community Trust Co., a 2007 third circuit case, 474F375. So there's at least one – there's at least one. Intermediary banks where claimants never maintain accounts in their names were not allowed to challenge under RFPA. That's a second circuit case, U.S. v. Decorette, D-A-C-C-A-R-E-T-T, 1993, 6F337. So it looks like there is – there is authority that under RFPA there would not be. It looks like authority that Edwards couldn't challenge it. Well, and what you're asking about is the other trustee, the other people whose information might be revealed. Congress has said there is a limited ability to protect privacy interests. But the general rule is there is no privacy interest. This is the attorney who's trying to represent the issue, the interests of and confidentiality of people who aren't involved in this litigation whatsoever. And he has a fiduciary relationship to him, and those are – the fact that he is representing them, what they paid, this is all – may very well – this may very well be privileged. Well, I understand the concern. The Supreme Court has said since 1976 there is no privacy interest in bank records. A limited exception to that was enacted in the Right to Financial Privacy Act. It does not apply here. Mr. Gorder has never tried to say it applies here. And that is the state of the law. Okay. Your – thank you, Your Honor. Your co-counsel is trying to get some questions. Yeah. All right. None of the cases cited by the appellee deal with an attorney's client trust account. There's a common law privilege which is inviolate, and that's the attorney-client privilege. And that's what's being violated here, and that's what they're asking, to go back through hundreds of years of a privilege which is cast in stone and get my client records, don't even know who John Edwards is. They have no clue, never heard of the man, let alone a newspaper article. And none of the cases that were cited by appellee deal with an attorney's client trust account records. And Pearlman has been cited with approval by this court in Silver v. United States, a 1995 Ninth Circuit decision. So this Court has acknowledged the Pearlman exception. And that's in our brief. The citation is 51 F. 3rd, 203 and 205. But let's talk about Pearlman for just a second. You do agree that if the Pearlman exception does not apply, then we don't have jurisdiction to review? If the Pearlman exception does not apply, that is correct. But the Pearlman exception is designed exactly for the situation when you have a non-party. Do I move to intervene in an underlying case? There is no other mechanism. Interlocutory appeal is deemed final for my purposes because I'm a non-party, protecting other non-parties' rights. And that's what Pearlman addressed. And that's been the law since 1918, I believe, was the case decided. The Cohen collateral order doctrine might apply, I suppose. Yes. But you've got to look at this case. Why is Pearlman there? Because of situations like this situation. You couldn't write a case factually that fits right into that Pearlman exception other than this case, because the Pearlman purpose is not to have a non-party or third party risk contempt before they get rights of appeal. And that's what Pearlman's all about. Hasn't Pearlman been limited to criminal proceedings? Not that I'm aware of. I think it's been limited to if there's a privilege or arguably privileged documents. Well, this decision out of this Court, 1988, Bank of America v. National Mortgage Equity Corporation, quote, Pearlman does not apply in the context of ongoing civil litigation, unquote. There's a line of cases. That is correct. There's a line of cases that talk about an ex-attorney, though. I'm sorry, the ex-attorney for a client. And that's what I am in this case. When this subpoena came out, I no longer, when it's in the brief, I no longer represented Mr. Edwards. And there's a line of cases we cite in my brief that says that's a different standard for the ex-attorney of a person, of a judgment debtor, versus the current attorney of a target or someone else. You have cases cited in your brief that Pearlman does apply outside of criminal proceedings. Not in that general context, no, Your Honor. I have it cited where there are civil cases. It doesn't use those exact words, Your Honor. So I do acknowledge that. But this is the case where there's no other mechanism. Is the bank going to be held in contempt? Am I going to be held in contempt before we have the rights of appeal? That's why we have Pearlman. That's exactly my position. Any further questions, I'm here to answer. And how simple was it? Just take my deposition in Las Vegas. I've never said no to that. Thank you. The matter just argued is submitted for decision. We'll sort it out.
judges: Anello, Schroeder, Bea